IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WALLACE ROBINSON**                                                      **PLAINTIFF**
**ADC #169328**

v.                      No: 4:21-cv-00674 KGB-PSH

**ADAM CLARK**, *et al.*                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Wallace T. Robinson Sr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 27, 2021, while incarcerated at the Arkansas Division of Corrections' Wrightsville Unit (Doc. No. 1). Robinson filed an amended complaint on November 4, 2021 (Doc. No. 11), alleging that he was attacked by multiple inmates at the ADC's Tucker Unit on February 9, 2021, as a result of understaffing,

lack of security, and Officer Myron Taylor's failure to correctly perform his job. *Id.* at 4-5. Robinson further alleged that Chief of Security Adam Clark, Deputy Warden Emmer Branch, and Warden Thomas Hurst had knowledge of the unsafe conditions in the Tucker Unit and failed to adequately train Taylor. *Id.* The Court ordered service on the individual defendants (Doc. No. 13), and the Arkansas Department of Correction was subsequently dismissed as a defendant (Doc. No. 46).

Defendants Clark, Branch, and Hurst[1] (the "ADC Defendants") move to dismiss Robinson's claims based on his failure to participate in discovery and for his failure to prosecute this case. *See* Doc. Nos. 58-59 & 75-76. The Court has also ordered Robinson to comply with the ADC Defendants' discovery requests and to provide a current address, as follows:

- On June 1, 2023, the Court granted the ADC Defendants' motion to compel discovery and directed Robinson to provide discovery responses and an executed medical release form to the ADC Defendants within 30 days (Doc. No. 60). The Court warned Robinson that his failure to comply with the order may result in the imposition of sanctions, including the dismissal of this action pursuant to Fed. R. Civ. P. 37(b)(2).

---

[1] Defendant Myron Taylor filed a *pro se* Answer (Doc. No. 39). Mail sent to him since then has been returned undeliverable (Doc. Nos. 41, 44, 48, 49, 53, 57, 62, 65, 66, 69, 71 & 74).

- On July 7, 2023, the Court denied Robinson's motion for counsel to assist him with discovery and directed him to provide complete answers to the discovery sought by the ADC Defendants by July 17, 2023 (Doc. No. 67). The Court warned Robinson that it would recommend granting the pending motion to dismiss filed by the ADC Defendants if he did not provide these answers in a timely fashion. The Court further directed the ADC Defendants to provide a status report regarding discovery by July 24, 2023; their status report filed on July 20, 2023, stated that Robinson did not comply with their requests or respond in any way (*see* Doc. No. 68).

- On August 14, 2023, the Court entered a text order noting that the ADC Defendants had sent their status report to Robinson at a different address than the one on record (Doc. No. 70). The Court also noted that Robinson was listed at this new address on the ADC's website. The Court directed Robinson to update his address with the Court within 30 days from the August 14 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his address of record (the Wrightsville Unit) and the address used by the ADC Defendants and reflected on the ADC's website (the East Arkansas Regional Unit).

More than 30 days have passed, and Robinson has not complied or otherwise responded to the June 1, July 7, or August 14 orders. He also did not respond to the ADC Defendants' most recent motion to dismiss filed on September 20, and there is no indication he ever complied with the ADC Defendants' discovery requests. While dismissal of Robinson's claims against the ADC Defendants is appropriate as a discovery sanction,[2] the Court finds that this entire action should be dismissed without prejudice based on Robinson's failure to comply with Local Rule 5.5(c)(2) and his failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that the ADC Defendants' motions to dismiss (Doc. Nos. 58 & 75) be granted and that Robinson's complaint and amended complaint (Doc. Nos. 1 & 11) be dismissed without prejudice.

IT IS SO RECOMMENDED this 12th day of October, 2023.

                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 37(d) of the Federal Rules of Civil Procedure allows a district court to dismiss an action when a party fails to respond to discovery requests. *See also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (no motion to compel is required before dismissal under Rule 37(d)).