IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WALLACE T. ROBINSON, SR.                                                    PLAINTIFF
ADC #169328

v.                          Case No. 4:21-cv-00674-KGB

ADAM CLARK, *et al.*                                                       DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendation ("Recommendation") of United States Magistrate Judge Patricia S. Harris (Dkt. No. 140), recommending that the Court grant the motion for summary judgment of defendants Chief Security Officer Adam Clark, Deputy Warden Emmer Branch, and Warden Thomas Hurst (the "ADC Defendants") and that the Court dismiss plaintiff Wallace T. Robinson Sr.'s claims against Correctional Officer Myvon Taylor[1] (Dkt. No. 117). Mr. Robinson has filed objections to the Recommendation (Dkt. No. 143). After careful consideration of the Recommendation, Mr. Robinson's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 140). The Court writes separately to address Mr. Robinson's objections.

**I.   Background**

Mr. Robinson, an Arkansas Division of Corrections ("ADC") inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 27, 2021 (Dkt. No. 1). He filed an amended complaint on November 4, 2021 (Dkt. No. 11), alleging that he was attacked by multiple inmates

---

[1] The Court is aware from the record that Myvon Taylor is no longer employed by the ADC, but it will refer to him as "Officer Taylor" throughout this Order because that is how he was named as a defendant in this matter.

at the ADC's Tucker Unit on February 9, 2021, because of understaffing, lack of security, and Officer Taylor's failure to perform correctly his job (*Id.*, at 4-5). Mr. Robinson further alleges that Officer Clark, Deputy Warden Branch, and Warden Hurst knew about the unsafe conditions in the Tucker Unit and failed to train adequately Officer Taylor (*Id.*). Mr. Robinson alleges that he suffered significant injuries from the attack (*Id.*, at 4, 6). The Court dismissed some of Mr. Robinson's claims, including his individual capacity claims against the ADC Defendants for failure to train (Dkt. No. 46, at 2). Mr. Robinson's remaining claims are individual capacity claims against Officer Clark, Deputy Warden Branch, Warden Hurst, and Officer Taylor for failing to protect him from the February 9, 2021, attack (Dkt. No. 46).

Officer Taylor filed a letter on April 18, 2022, which was docketed as his answer to Mr. Robinson's complaint (Dkt. No. 39). Officer Taylor denies the allegations that he did not do his rounds on February 9, 2021, and asserts that he "did [his] rounds every hour on the hour." (Dkt. No. 39, at 1). Officer Taylor states that at the time of the incident, he was "across the hall checking on the other inmates." (*Id.*). After Officer Taylor filed his answer, mail sent to Officer Taylor at the address he gave the Court has been returned undeliverable (Dkt. Nos. 41, 44, 48, 49, 53, 57, 62, 65, 66, 69, 71, 74, 79-80, 82, 84, 88, 91, 93, 98, 102-104, 106-107, 113, 116, 121, 128, 130-31, 133, 136-37, 141-42).

The ADC Defendants filed a motion for summary judgment (Doc. No. 117). Mr. Robinson filed a response to the ADC Defendants' statement of undisputed facts (Doc. No. 126). Judge Harris filed her Recommendation recommending that the Court grant the ADC Defendants' motion for summary judgment and dismiss Mr. Robinson's claims against Officer Taylor (Dkt. No. 140). Mr. Robinson filed objections to the Recommendation (Dkt. No. 143).

## II. Analysis Of Objections

Mr. Robinson's remaining claims in this matter are personal capacity claims against the ADC Defendants and Officer Taylor for failure to protect Mr. Robinson from the February 9, 2021, attack. In her Recommendation, Judge Harris correctly observes that to prevail on a failure to protect claim Mr. Robinson must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk (Dkt. No. 140, at 10 (citing *Irving v. Dormire*, 519 F.3d 441, 447 (8th Cir. 2008)). In his objections, Mr. Robinson maintains that the attack occurred because of understaffing and because Officer Taylor failed to follow policies and procedures. Here, on the record before the Court, Mr. Robinson has not come forward with sufficient evidence to establish that defendants were aware of, but deliberately indifferent to, the allegedly unsafe conditions that Mr. Robinson contends existed.

In his objections, Mr. Robinson asserts that the Tucker Unit was understaffed. The ADC Defendants acknowledged that understaffing existed at the Tucker Unit of the ADC at the time of the incident due to the COVID-19 pandemic, but the ADC had taken steps to combat staffing shortages by approving overtime hours, sending staff to Tucker from other ADC units, using members of the management team to assist with security until relief personnel arrived, and using personnel to make rounds for multiple barracks on occasion (Dkt. No. 139, ¶¶ 4-7). *See Pearson v. Callahan*, 555 U.S. 223 (2009) ("Even if [actions taken to address jail overcrowding] were unreasonable, and [jail officials] might have done various things to prevent the blow [plaintiff] endured, 'reasonableness is a negligence standard' and negligence cannot give rise to an Eighth Amendment failure-to-protect claim."); *Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018) (determining that plaintiff's allegations of understaffing and prison officials' routine failure to conduct security checks does not establish deliberate indifference where "the record is devoid of

evidence suggesting that any of the defendants were subjectively aware of, or deliberately indifferent to, a substantial risk of harm to inmate safety.").

Further, the ADC had a policy in place requiring officers to inspect visually any barracks to which they were assigned and to write notes in activity reports with no more than 40 minutes elapsing between entries (*Id*., ¶ 9). The Court understands that Mr. Robinson contends that the policy was not being followed, but nothing on the record suggests that Mr. Robinson ever reported this to Officer Clark, Deputy Warden Branch, or Warden Hurst before the incident about which Mr. Robinson files suit occurred. Moreover, nothing in the record before the Court indicates that Mr. Robinson prior to this incident occurring informed Officer Taylor or any other officer that the camera in 3A barracks had been covered up (Dkt. No. 117-2, at 46:3-9).

Finally, as to his objections that the Tucker Unit was understaffed, Mr. Robinson has not come forward with any evidence that the ADC Defendants or Officer Taylor were aware of any unsafe conditions caused by understaffing that would have led to the attack that occurred on February 9, 2021. Mr. Robinson acknowledges that he had no reason to expect to be attacked, that he had no one on his enemy alert list at the time, and that he had never spoken to the inmates who attacked him (Dkt. No. 117-2, at 25:6-16). Mr. Robinson never alerted Officer Clark, Deputy Warden Branch, or Warden Hurst that he had received threats or was in fear of an attack (Dkt. No. 117-2, at 68:18-20, 69:6-9). The record before the Court is not sufficient to establish deliberate indifference, and the Court overrules Mr. Robinson's objections.

Mr. Robinson also objects that the Court cannot rely on the credibility of Officer Taylor's log[2] because Officer Taylor did not record the incident of his assault in his log (Dkt. No. 143).

---

[2] The Court believes that Mr. Robinson is referring to the Officer's Activity Report attached as part of Exhibit 9 to the ADC Defendants' motion for summary judgment (Dkt. No. 117-9, at 3).

4

The Court is aware that when considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, the Court has, as it must, considered all of the evidence in the record, including Officer Taylor's log, in the light most favorable to Mr. Robinson. The Court determines that there is ample evidence on the record as a whole to determine that the ADC Defendants took steps to address staffing shortages and security at the Tucker Unit. The Court overrules Mr. Robinson's objection on this point.

In his objections, Mr. Robinson asserts that he should have been granted default judgment against Officer Taylor (Dkt. No. 143). On at least three occasions, Mr. Robinson moved for default judgment against Officer Taylor, and Judge Harris denied the motions explaining that Officer Taylor answered the complaint in this case and that Mr. Robinson was not entitled to default judgment against Officer Taylor under Federal Rule of Civil Procedure 55 (Dkt. Nos. 35, 40, 101, 105, 134, 135). The circumstances have not changed, and the Court overrules Mr. Robinson's objection to the Recommendation based on his claim that he is entitled to default judgment against Officer Taylor.

Finally, Mr. Robinson asserts that he was not given time to complete discovery in this case because he was moved around within the ADC and lacked access to legal material and law libraries during the pandemic. Mr. Robinson filed this case on July 27, 2021, over four years ago (Dkt. No. 1). In May 2023, the ADC Defendants filed a motion to dismiss for failure to participate in discovery and to stay the discovery deadline pending a resolution (Dkt. No. 58). Judge Harris issued Proposed Findings and Recommendation recommending that the Court grant the ADC Defendants' motion to dismiss the claims against them without prejudice as a sanction for Mr. Robinson's failure to participate in discovery (Dkt. No. 77). On January 2, 2024, Mr. Robinson

5

filed a motion to extend time and notice of change of address, and the Court ultimately declined to adopt the Proposed Findings and Recommendation and did not dismiss Mr. Robinson's claims as a sanction (Dkt. Nos. 81; 87).

On June 28, 2024, the ADC Defendants filed their motion for summary judgment (Dkt. No. 117). The Court granted Mr. Robinson extensions of time until October 15, 2024, to file his response (Dkt. Nos. 125; 132; 135). On July 30, 2024, Mr. Robinson filed a response to the statement of facts (Dkt. No. 126). Despite having over three months to file a response to the motion for summary judgment, Mr. Robinson's only response to the motion for summary judgment was his July 30, 2024, response to the statement of facts (*Id*.). While the Court is sympathetic to Mr. Robinson's claim that he has been frequently moved to various ADC facilities, this is not atypical for ADC inmates who choose to bring *pro se* complaints. Further, the motion for summary judgment in this case, which may have required that Mr. Robinson conduct legal research, was not filed until June 2024, well after COVID-19 restrictions in ADC facilities limiting access to the law library and legal materials were relaxed. Mr. Robinson has been given ample time to conduct discovery and prosecute his case. The Court overrules Mr. Robinson's objection on grounds that he did not have adequate time to conduct discovery or access legal materials.

### III.   Conclusion

After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 140). The Court grants the ADC Defendants' motion for summary judgment (Dkt. No. 117). Mr. Robinsons' claims against the ADC Defendants and Officer Taylor are dismissed with prejudice (Dkt. No. 11).

It is so ordered this 5th day of March, 2025.

                                                              Kristine G. Baker
                                                              Chief United States District Judge